## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES,**

   **Plaintiff,**

    **v.**            **Case No. 14-20038-JAR**

**JAVIER ZAMBRANO-SANCHEZ,**

   **Defendant.**

## MEMORANDUM AND ORDER

   This matter comes before the Court on Defendant Javier Zambrano-Sanchez's *pro se* "Motion for Time Reduction by an Inmate in Federal Custody" (Doc. 50), "Motion for Appointment of Counsel or In Forma Pauperis Status" (Doc. 51), and Motion for Leave to File in Forma Pauperis (Doc. 52).  For the reasons provided below, Defendant's motions are denied.

## I. Background

   On November 10, 2014, Defendant pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 21 U.S.C. § 846.[1]  On January 27, 2015, this Court sentenced Defendant to 120 months' imprisonment, a 60-month term of supervised release, and a $100 special assessment.[2]

---

[1] Doc. 32.

[2] Doc. 36.

Defendant is 45 years old and currently incarcerated at Great Plains CI in Oklahoma. The Bureau of Prisons ("BOP") reports 13 active COVID-19 cases at his facility.[3]  Defendant's projected release date is November 4, 2022.

On July 23, 2020, Defendant filed several motions.  His first motion is entitled "Motion for Time Reduction by an Inmate in Federal Custody," and he states that he seeks "relief under 3582(c) 'compassionate relief.'"[4]  He appears to assert that his constitutional rights have been violated because (1) he is not entitled to a one-year sentence reduction if he participates in a prison drug program, and (2) he is not entitled to halfway house supervision on early release.  He attaches several documents that are administrative requests he filed within his prison seeking a reduction in sentence pursuant to § 3582(c)(1)(A).  He asserted in these requests that "coronavirus is rapidly spreading in all parts of United States, including the prisons" and that it was impossible to socially distance in prison.[5]  Defendant also includes several letters from the prison denying his requests because he was ineligible for a reduction in sentence due to his Immigration and Customs Enforcement ("ICE") detainer.

His second motion, entitled "Motion for Appointment of Counsel or In Forma Pauperis Status," states that he is eligible for a reduction in sentence "under § 3582(c) compassionate release" and requests the appointment of counsel to assist him in bringing such a motion.[6]  His third motion seeks to proceed in forma pauperis.[7]

---

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed October 1, 2020).

[4] Doc. 50 at 1.

[5] Doc. 50-1 at 5.

[6] Doc. 51 at 1.

[7] Doc. 52.

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD shall notify the court within 15 days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The time to do so has expired, and the FPD has not entered an appearance or sought additional time in this case.  Accordingly, Defendant's motion proceeds *pro se*.

## II.      Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[8]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[9]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

---

[8] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[9] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

whichever is earlier. . . ."[10]  Unless a defendant meets this exhaustion requirement, the court

lacks jurisdiction to modify the sentence or grant relief.[11]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the

defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to

the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons

warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30

years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination

has been made by the Director of the [BOP] that the defendant is not a danger to the safety of

any other person or the community."[12]  In addition, a court must ensure that any reduction in a

defendant's sentence under this statute is "consistent with applicable policy statements issued by

the Sentencing Commission."[13]

The Sentencing Commission's policy statement pertaining to sentence reductions under

18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13

contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is

suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory or

the defendant is suffering from a serious physical or medical condition, serious functional or

---

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, No. 12-20099-KHV, --- F. Supp. 3d ----, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[12] 18 U.S.C. § 3582(c)(1)(A).

[13] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other reasons as determined by the director of the BOP.[14] A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[15]

## III.   Discussion

Defendant filed multiple motions seeking release and counsel. Defendant's first motion states that he seeks relief under § 3582 or compassionate relief. He states in this motion, however, that his rights have been violated because he is not entitled to a one-year sentence reduction for participating in a drug program during his imprisonment and that he should not be deprived of half-way house supervised release. He also attaches multiple documents demonstrating his requests and denials for a reduction in sentence by the facility in which he is housed. Defendant's second motion states that he is eligible for a sentence reduction under the compassionate release statute and requests counsel. The Court will construe these two motions together as one seeking a reduction in sentence under § 3582(c).

### A.  Exhaustion

---

[14] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)-(D) (U.S. Sentencing Comm'n 2018).

[15] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

Defendant has filed a motion on his own behalf rather than through the BOP. Accordingly, he is subject to the exhaustion requirement described in § 3582(c).  Under that section, a criminal defendant may file a motion for compassionate release only if: "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."[16]

Here, it appears that Defendant made several compassionate release requests to the Warden at his facility.  Defendant's requests were denied, with the latest denial occurring on July 10, 2020.  The government agrees that Defendant made a request to the warden for compassionate release.  Thus, the Court concludes that Defendant exhausted his administrative remedies and will consider whether Defendant presents any extraordinary and compelling reasons warranting release.

### B.  Extraordinary and Compelling Reasons

Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[17]  The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute extraordinary relief.[18]

Here, Defendant asserts that the extraordinary and compelling reason to reduce his sentence is that COVID-19 is spreading in prison and it is impossible to physically or socially distance.  Generalized concerns about COVID-19, even when the virus has spread within a

---

[16] *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

[17] 28 U.S.C. § 994(t).

[18] *See infra*. n. 14.

correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[19]  Accordingly, because Defendant does not make any individualized showing about his vulnerability to contracting COVID-19 and having significant health issues, he does not set forth any extraordinary and compelling circumstances warranting compassionate release.

### C.  Counsel

Defendant also requests the appointment of counsel.  As noted above, the FPD did not enter an appearance to represent Defendant although it could have done so.  In addition, there is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[20]  Accordingly, Defendant has no right to counsel, and the Court denies his request.

### D.  Other Relief

To the extent Defendant attempts to reduce his sentence on any other basis or bring constitutional claims, he fails to do so.  A court can only modify a sentence under § 3582(c) in limited circumstances.  These include "(1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the Sentencing Commission."[21]  The allegations set forth in Defendant's motion do not fall under any of these

---

[19] *United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

[20] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (noting that "[n]o right to counsel extends to a § 3582(c)(2) motion") (citations omitted).

[21] *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).

provisions.   In addition, Defendant's assertions that his ICE detainer should not preclude him from a one-year reduction of sentence from participating in a drug program or from being entitled to half-way house supervision fail to state any cognizable relief.[22]  In any event, the Court lacks jurisdiction to grant any such relief that is within BOP discretion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's "Motion for Time Reduction by an Inmate in Federal Custody" (Doc. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion for Appointment of Counsel or In Forma Pauperis Status" (Doc. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File in Forma Pauperis (Doc. 52) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: October 2, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[22] *See United States v. Martinez-Gutierrez*, No. 09-49(11) ADM/FLN, 2013 WL 1435154, at *4 (D. Minn. Apr. 3, 2013) (noting that the BOP enjoys broad discretion to administer treatment programs and early release decisions, and "the BOP's decision to deny inmates subject to deportation an early release under [the Residential Drug Assistance Program] does not exceed the BOP's discretion."); *Franco v. Bureau of Prisons*, Civ.A.05-5077(RBK), 2006 WL 1207976, at *3 (D.N.J. Apr. 28, 2006) (noting that the BOP's classification of prisoners "as those who are subject to custodial considerations (including those who have detainers lodged against them) and those who are not, [is] not on the basis of alienage" and thus does not violate the Equal Protection Clause), *aff'd*, 207 F. App'x 145, 146 (3d Cir. 2006) (noting that the prisoner's due process and equal protection claims failed because prisoners do not hold a constitutionally protected interest in their place of confinement or in prison transfers).